## Case No. 13,291.

### STANNICK v. The FRIENDSHIP.

[Bee, 40.] [1]

District Court, D. South Carolina. Aug. 18, 1794.

NEUTRALITY LAWS—FOREIGN COMMISSION—VESSEL ARMED AND FITTED OUT IN THIS COUNTRY—RIGHT TO BRING IN PRIZES.

A French armed ship, duly commissioned, but fitted out here, may bring in and carry away her prizes, without being subject to the jurisdiction of this court.

In admiralty.

BEE, District Judge. The libel states that this ship, belonging to British subjects, was captured on the high seas on the 26th June last by the privateer schooner Montagne, and brought into Charleston. That said schooner was formerly called the Robert, is American built, wholly fitted for war in this port, and despatched from hence on a cruise, without having any legal commission: contrary to the laws of the United States, and to the regulations established by the president; and contrary also to the law of nations, &c. Libel denies that any commission issued to a vessel thus equipped could be legal, as against nations at peace with the United States. It sets forth an equipping in this port by taking off quarter deck, cutting port holes, and arming with fourteen carriage guns. It states that she was officered and manned here, and sailed from hence on the 4th March last, on a cruise, and returned on the 26th April following, as a French privateer, without having in the meantime entered any port or place within the jurisdiction of France. Restitution is prayed of the Friendship and cargo, with damages. The regulations of the

[1] [Reported by Hon. Thomas Bee, District Judge.]

executive of the United States respecting the equipment in our ports of vessels belonging to foreign powers are filed with the libel as an exhibit.

A plea to the jurisdiction of the court has been put in, and it alleges that at the time of this capture, the schooner was, and now is, duly commissioned by the French republic; that she was legally fitted out, belongs to French citizens, and authorized to cruise against the enemies of France. That by the law of nations, the treaty with France, and the sixth section of the act of congress of 5th June last [1 Stat. 384], this court is precluded from holding plea of the present matter. With the plea are filed, as exhibits, a copy of the commission to La Montagne, registered on the 25th March last, and a condemnation of the schooner Robert as French property, at Nassau in New-Providence, on the 26th July, 1793. This sentence is conclusive against any pretence that this schooner was American property; because by the revenue laws of the United States, she could never become such. But it is contended that this case is like that of Jansen v. Vrow Christina Magdalena [Case No. 7,-216], and must be decided upon the same principles. But the law there laid down, and supported by 1 Vatt. Law Nat. 144, 5, and 2 Vatt. Law Nat. 7. 8. is that if a neutral nation grants the privilege of equipment in her ports to one belligerent, she must grant it to another; by treaty with France, no citizen of the United Netherlands could have been allowed to arm against her: of course, the rule of neutrality required that France should not arm in our ports against the Dutch. The only feature in this case resembling that of Jansen v. Vrow Christina Magdalena [supra], is that both privateers were originally fitted out here. There the equipment was made by American citizens; here the property is French, and the commission expresses an arming for her own commercial protection, as well as for the purpose of cruising against enemies of France. This brings her within the very regulations relied upon by the lebellants, the fifth clause of which allows that any vessels of France of a doubtful character, as being calculated for commerce or war, may be equipped in our ports. The sixth clause excludes from this privilege all powers at war with France, and seems thereby tacitly to admit that such French vessels might arm here. The officers of the customs appear to have thus distinguished, for they have given no notice of the equipment of the Montagne to the governor, or district attorney, which the instructions say they shall do, in case of any contravention thereof. If this be so, shall the subsequent commission lessen a right to capture? I think not. If, indeed, the capture had been made before the commission was received, a question might have arisen between the captors and their sovereign, the latter of whom might, perhaps,

have claimed. Much stress has been laid upon the date of this commission. It issued from the marine office in France on the 5th December last, was examined and certified by the governor of Guadaloupe on the 10th of March (six days after the schooner sailed from hence), and registered at Point-à-Petre on the 25th of March. This was twenty-one days after the sailing from Charleston, and gives sufficient time for receiving the commission at Point-à-Petre, previously to the capture of the ship Friendship, on the 26th of June following. In Jansen v. Vrow Christina Magdalena [supra], our treaty with Holland was infringed; and though, by the law of nations, the bringing infrà, præsidia of a neutral nation might justify restitution in any case, yet our treaty with France (17th article) has expressly altered that law in cases like the present, where the commission was granted in a French port to French citizens.

Upon full consideration of the pleadings, arguments, and evidence of this case, I am of opinion that the libel must be dismissed.